UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TYRUS MCNAIR, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | Cause No.: 1:02-CR-12<br>(1:05-CV-138) |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the "Motion for Modification of Sentence Pursuant to 18 U.S.C. 3582(c)(2)" ("Petitioner's Motion") filed by Tyrus McNair on September 21, 2005. The government filed a response to the motion on September 28, 2005, and McNair filed what he titled a "Motion in Response to the Government's Response to the Petitioner's Original 3582(c)(2)" ("Petitioner's Reply") on October 13, 2005.[1] For the reasons set forth herein, the motion is DENIED.

**DISCUSSION**

In his present motion, McNair is asking the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). That statute provides, in relevant part, as follows:

(c) Modification of an imposed term of imprisonment.–The court may not modify a term of imprisonment once it has been imposed except that–

. . .

    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director

---

[1] Despite the fact that this document was titled a "Motion in Response," it is clear that it is actually a reply to the government's brief, and will be referred to accordingly.

of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

McNair requests in his motion "that this Court give retroactive effect to amendment '505' which was declared retroactive November 1, 1994." Petitioner's Motion, p. 2. McNair then goes on to argue that this particular amendment to the Sentencing Guidelines mandates that he be resentenced to a reduced term of imprisonment. He maintains that "the wrong version of the [Sentencing Guidelines] . . . [have] been applied in this defendants [sic] particular case." *Id*. McNair concedes that the 2002 version of the U.S. Sentencing Guidelines were used in his case, but he claims that the 1994 version, encompassing amendment 505, should actually have been used, resulting in a shorter term of imprisonment. As the government points out, McNair's argument fails for several reasons.

Amendment 505, to which McNair refers, was an amendment to the Sentencing Guidelines and became effective on November 1, 1994. The amendment reduced the highest base offense level for drug offenses under U.S.S.G. § 2D1.1(c) from 42 to 38. McNair argues that he is entitled to be resentenced to a reduced term of imprisonment as a result of Amendment 505 and its retroactive effect. McNair is correct when he points out that amendment 505 was specifically given retroactive effect. However, McNair was sentenced on July 22, 2003, nearly nine years after the effective date of Amendment 505. Therefore, as the government points out, "the amendment upon which [McNair] relies to seek his reduction was an amendment that was already in place prior to the imposition of his sentence." Government's Response, pp. 4-5. Accordingly, McNair's argument is without any legal or even logical basis.

As stated above, McNair also alludes to what he claims was the improper use of the 2002

2

version of the U.S. Sentencing Guidelines in his case.  He claims that "[i]n this defendant[']s particular case the U.S. Probation Official applied the wrong version of the U.S.S.G. at the time of this defendant[']s sentencing which carries a more harsher [sic] guideline penalty [sic] versus at the time the defendant committed the crime "HENCE" [sic] therefore the guidelines at the time of this defendant[']s crime should prevail, which is 2D1.1(c)(4) of November 1, 1994 and amendment '505.'" Petitioner's Motion, p. 2.

     Again, however, to the extent that this is simply a reiteration of McNair's argument that 18 U.S.C. § 3582(c)(2) provides him an avenue to seek resentencing, he is mistaken.  If he is raising another argument altogether–that the wrong version of the Sentencing Guidelines was used in his case–the argument fails for other reasons.  First, it constitutes a challenge that was, or should have been, raised in prior appeals or his previous § 2255 motion.  In such a case, raising it in the present motion would constitute a prohibited second or successive petition pursuant to § 2255, and McNair has not received the permission of this court or an appellate court to file such a successive petition.  See Government's Response, p. 5.  Second, McNair was convicted and sentenced for drug offenses that took place between June of 1996 and May of 2001, all well after the effective date of Amendment 505.  Thus, his argument that a much older version of the Sentencing Guidelines should have been used in calculating his sentence in this case also is without merit.  The November 2002 version of the Guidelines, which were the latest version in effect at the time of McNair's sentencing in July 2003, were the correct version and the U.S. Probation Office did not err in calculating his sentence, or making its sentencing recommendation to this court, based on those Guidelines.  Finally, no amendment to the Sentencing Guidelines which retroactively reduces the penalty which applies in McNair's case

3

has been enacted, so as to bring § 3582 into play.  For all these reasons, McNair cannot avail himself of the provisions of 18 U.S.C. § 3582 in order to seek a resentencing and his motion must be denied.

## CONCLUSION

For the reasons discussed herein, the motion to modify sentence filed by Petitioner Tyrus McNair is DENIED.

Date: November 2, 2005.

　　　　　　　　　　　　　　　　　　　　　　　　　/s/    William C. Lee      
　　　　　　　　　　　　　　　　　　　　　　　　William C. Lee, Judge
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court