UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:02-CR-12 |
| | ) | |
| TYRUS MCNAIR | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on a *pro se* motion filed by the petitioner, Tyrus McNair ("McNair") on January 9, 2007.[1] For the reasons discussed herein, the motion is deemed to be a second or successive petition pursuant to 28 U.S.C. § 2255 and is therefore DISMISSED for lack of subject matter jurisdiction.

**DISCUSSION**

McNair was charged by way of an indictment with conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846.  The indictment alleged that between June 1, 1996, and May 31, 2001, McNair conspired to possess with intent to distribute more than five kilograms of cocaine.  On October 30, 2002, following a two-day trial, a jury found McNair guilty as charged in the indictment.  On June 10, 2003, after briefing by McNair and the government, the court issued a sentencing memorandum in which it concluded that McNair's term of imprisonment under the United States Sentencing Guidelines was 324 to 405 months.  On July 22, 2003, the court sentenced McNair to 360 months of imprisonment to be followed by five years of supervised release.

---

[1] After reviewing McNair's motion, the court determined that it was unnecessary to direct the government to file a response.

The language McNair uses in his most recent motion presents a bit of a conundrum in terms of determining exactly what it is. The motion is titled an "Appeal and Notice of Appeal Pursuant to 18 U.S.C. § 3742 Review of Sentence." Motion, Docket at 171, p. 1. However, the court caption on the motion reads "United States District Court for the Northern District of Indiana." *Id*. More importantly, McNair writes in his motion that he "hereby submits this 18 U.S.C. § 3742 motion to the District Court for consideration and ruling." *Id*. Furthermore, McNair makes no mention or reference in the present motion to any final order of this court that he may be attempting to appeal. More importantly, there is presently no final order of this court that McNair has not already appealed or attempted to appeal. Consequently, the only logical and reasonable interpretation to be made of the present motion is that it is a second or subsequent motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. This is especially obvious when the substance of the motion is examined, which is the determinative factor when properly characterizing a motion filed by a prisoner.

In this motion, as stated above, McNair is challenging his sentence, arguing that his term of imprisonment was determined based on an improper interpretation or application of the United States Sentencing Guidelines ("U.S.S.G."). He claims that the criminal history calculation applied in his case was in error, since it included criminal history "points" for a state conviction that he claims should not have been included because it was too old (i.e., that the state conviction occurred more than ten years before the date McNair was sentenced in this court). Motion, p. 2. McNair argues that his criminal history category should be reduced, which of course is akin to arguing that his sentence itself should be reduced. Therefore, McNair's present

2

motion constitutes a challenge to his sentence–a challenge that is cognizable under 28 U.S.C. § 2255.

Having concluded that the present motion is a motion under § 2255, it must be dismissed. This court lacks jurisdiction to entertain any argument presented in the motion.  This is because McNair already filed a § 2255 motion in this court on April 25, 2005, in which he raised several challenges to his conviction and sentence.  Docket at 122.[2]  Following the submission of briefing on that motion, the court issued an Order denying it on September 26, 2005.[3]

In order to file a second or successive petition under 28 U.S.C. § 2255, a federal prisoner must request and obtain the permission of a court of appeals before proceeding.  28 U.S.C. § 2244.  "Section 2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals.  A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.' *Nuñez,* 96 F.3d at 991." *Lambert v. Davis*, 449 F.3d

---

[2]  In fact, in his original motion under 28 U.S.C. § 2255, McNair raised this very issue challenging the calculation of his criminal history category.  Motion to Vacate, Set Aside, or Correct Sentence, Docket at 122.  The court rejected the argument for the reasons stated in the court's Order denying McNair's motion.  Docket at 138, p. 12.  In addition, this court reviewed and rejected the same issue long ago when McNair filed objections to the presentence investigation report prepared by the U.S. Probation Office.  Following extensive briefing by McNair and the government, this court issued a Sentencing Memorandum on June 10, 2003.  Docket at 109.  In that Memorandum, issued prior to McNair's sentencing, the court explained its reasons for rejecting McNair's challenge to his criminal history category.  See Sentencing Memorandum, pp. 20-21 (including footnote 15).  Despite having raised this issue twice before to no avail, McNair attempts to raise it again in the present motion.

[3]  While McNair's original § 2255 petition was pending, he also filed, on September 21, 2005, what he titled a "Motion for Modification of Sentence."  Docket at 136.  This motion was denied by way of an Order entered on November 2, 2005.  Docket at 147.  McNair appealed both of those court Orders to the Seventh Circuit Court of Appeals.  In order to prosecute those appeals, McNair filed a Motion for Certificate of Appealability on October 19, 2005.  Docket at 143.  This court denied that motion.  Docket at 145.  McNair then sought a Certificate of Appealability directly from the Seventh Circuit, which also denied his request.  Docket at 163.

3

774 (7th Cir. 2005). This jurisdictional rule is not changed or avoided by the fact that McNair titled his present motion as an "Appeal and Notice of Appeal Pursuant to 18 U.S.C. § 3742 Review of Sentence." As the Seventh Circuit has clearly explained, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. *See, e.g., Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, *coram nobis,* coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. *See Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996)." *Jackson v. U.S.*, 463 F.3d 635, 639-640 (7th Cir. 2006).

   Furthermore, McNair's attempt to invoke 18 U.S.C. § 3742 in order to obtain a review of his sentence is likewise misplaced. The Seventh Circuit also addressed this issue in the *Jackson* case. Jackson, who had already filed a motion under § 2255, tried to circumvent the proscriptions of 28 U.S.C. § 2244 by seeking a subsequent, successive review of his sentence by asserting that § 3742 provided a jurisdictional basis to do so. The district court dismissed his motion and the Seventh Circuit affirmed. The appellate court noted that "this Circuit has never offered § 3742 as an avenue to review the denial of a collateral attack; it has always been considered a route for direct appeal." *Jackson*, 435 F.3d at 639.[4] The current motion is clearly

---

[4] It is true that § 3742 provides that a prisoner may file an appeal when his sentence allegedly "was imposed as a result of an incorrect application of the sentencing guidelines." § 3742(a), (a)(2). However, McNair appealed his conviction to the Seventh Circuit, which affirmed it, and then sought certiorari to the U.S. Supreme Court, which denied his writ. As stated above, McNair has also previously sought review of his conviction and sentence by way

4

not a direct appeal. Rather, McNair is attempting to obtain review of this court's previous denial of one of the arguments he presented in his § 2255 petition. The Seventh Circuit has explained that § 3742 does not provide a procedural mechanism for such a review, either by this court or by an appellate court. For all these reasons, McNair's most recent motion constitutes a second or successive petition under § 2255, which this court has no jurisdiction to entertain unless the appellate court certifies that McNair may proceed with such a motion.

## CONCLUSION

For the reasons set forth herein, the motion titled an "Appeal and Notice of Appeal Pursuant to 18 U.S.C. § 3742 Review of Sentence" filed by petitioner Tyrus McNair is deemed a motion pursuant to 28 U.S.C. § 2255 and is therefore DISMISSED for lack of subject matter jurisdiction.

Dated: February 6, 2007.

 /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana

---

of a petition under § 2255 (as well as other motions bearing various inventive titles and allegedly based on other statutes).