**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: 1:02-CR-12 |
| | ) | |
| TYRUS MCNAIR | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on a motion filed by Tyrus McNair ("McNair") on July 16, 2007, titled "Alternative to the Exercise of Dejure Judicial Power: Declaration and Notice of Express Trust."  Docket at 176.  The United States ("the government") filed a response to the motion on July 26, 2007.  Docket at 177.  McNair also filed, on July 30, 2007, an "Amended Alternative to the Exercise of Dejure Judicial Power: Declaration and Notice of Express Trust" (Docket at 178). The government responded to the amended motion on August 2, 2007 (Docket at 179).[1]  For the reasons set forth herein, the motion filed by McNair IS DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.  **In addition, as discussed below, McNair is strongly cautioned against filing any further frivolous or meritless motions or other types of pleadings with this court.  McNair's failure to abide by this admonition may result in the imposition of monetary and/or other sanctions against him.**

**DISCUSSION**

McNair is a federal prisoner serving a 360-month sentence for drug crimes, a sentence imposed by this court on July 22, 2003.  Since his incarceration, McNair has filed numerous

---

[1]  McNair did not file a reply to either of the government's response briefs.  He did, however, file what he titled a "Letter of Rogatory (advice) to Trustees" on August 6, 2007.  Docket at 180.  This letter is addressed briefly later in this Order.

motions with this court–a few legitimate, but most meritless.  McNair filed a motion pursuant to 28 U.S.C. § 2255 on April 25, 2005 (Docket at 122) and that motion was denied by Order of this court issued on September 26, 2005 (Docket at 138).  McNair also filed a direct appeal of his original conviction with the Court of Appeals for the Seventh Circuit.  The appellate court upheld McNair's conviction and sentence in an Order issued by that court on January 8, 2004 (Docket at 120).[2]  See *United States of America v. McNair*, 85 Fed.Appx. 532 (7th Cir. 2004).  Following those unsuccessful attempts to challenge his conviction and/or sentence, McNair has filed an additional eight motions with this court, all seeking to challenge his conviction and/or sentence in some way.  All of them were either denied on their merits or dismissed for lack of jurisdiction.  McNair also attempted to appeal at least two of those denials to the Seventh Circuit, but his appeals were dismissed.

All of McNair's motions were determined either to be without merit, or were construed as second or successive petitions under 28 U.S.C. § 2255 for which he had failed to obtain the permission of the Seventh Circuit Court of Appeals to file, as required by 28 U.S.C. § 2244.[3]  Because this court lacked subject matter jurisdiction over those petitions for that reason, they were dismissed without discussion or analysis of their merit (or lack thereof).  In several previous Orders, this court has attempted to explain in detail to McNair why his various motions were being denied and why they had no merit.  See, for e.g., Court Orders of September 26, 2005

---

[2]  McNair also sought review by the U. S. Supreme Court, but his petition for writ of certiorari was denied on May 17, 2004.  *McNair v. United States*, 541 U.S. 1052.

[3]  Section 2244(b)(3)(A) "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (quoting *Nuñez v. United States,* 96 F.3d 990 at 991 (7th Cir. 1996)).

(Docket at 138); November 2, 2005 (Docket at 147); December 6, 2005 (Docket at 157);

February 6, 2007 (Docket at 172); and March 29, 2007 (Docket at 175).  Despite the

explanations and admonishments contained in each of those Orders, McNair continued to file

various creatively titled motions in what appeared to be an attempt to circumvent the Rules of

Federal Procedure and the provisions of various statutes, 28 U.S.C. § 2255 and § 2244 in

particular.

  While McNair's present motion provides no basis for subject matter jurisdiction, a

summary of the language used in that motion is necessary to an understanding of the court's

reasons for dismissing the motion, and for the court's admonition to McNair to cease submitting

frivolous and meritless pleadings to the court or face sanctions for continuing to do so.

  In McNair's latest filing, he states in part as follows:

> COMES NOW Tyrus L. McNair, Hereinafter known as Claimant, to declare and
> provide, in the alternative to the court exercise of dejure judicial Article III
> powers of the federal government of the United States; Notice of an express state
> of trust between Claimant and Stephen R. Ludwig and inclusive of any and all
> officers of the court participating in file no. 1:02-cr-12 as herein more fully
> appears.

Motion, Docket at 176, p. 1.  McNair goes on to state as follows:

> I.  Judicial Action Convened

> 1.  The above captioned action was convened by the filing of a document entitled
> "Indictment" AUGUST 28, 2002, file no. 1:02-cr-00012.

> 2.  The record kept and maintained by the clerk STEPHEN R. LUDWIG
> evidences that STEPHEN R. LUDWIG, CHARLES F. LEONARD, ROBERT
> LOVE, TINA L. NOMMAY, ROGER B. COSBEY, AND WILLIAM C. LEE,
> refuse to exercise the powers and jurisdiction of the dejure Article III courts of the
> United States, and instead appear to offer their services as trustees of a
> constructive trust, making Claimant the involuntary grantor of property of
> Claimant's claims, said offer styled to make the grant appear in the name of a
> decedent party/legal fiction (TYRUS L. MCNAIR) and NOT Claimant based on

the following facts.[4]

. . .

> Based on the foregoing facts and the record of the court 1:02-cr-00012, it appears that STEPHEN R. LUDWIG, CHARLES F. LEONARD, ROBERT LOVE, TINA L. NOMMAY, ROGER B. COSBEY, AND WILLIAM C. LEE, are insistent on converting the judicial action of 1:02-cr-00012, into a constructive trust, with the apparent intent to create a fictitious record of abandonment by a decedent party/legal fiction raid said trust of its assets as administrators for the profit and gain, and enrichment of the administrators, who become liable for the Gift & Estate tax thereon, and sell fraudulent Securities in commerce.

*Id.*, pp. 1-2.  The filing then goes on in an apparent attempt to make a "declaration of express trust" and names all of the individuals listed above as "trustees."  *Id.*, p. 3.  It further apparently outlines certain "powers and duties" associated with this "trust."  *Id.*, pp. 3-4.[5]

This most recent motion by McNair is frivolous on its face.  In its response to McNair's motion, the government states that "[t]he document McNair files does not create anything, it does not declare anything cognizable in the law.  It is nonsense."  Government's Response, Docket at

---

[4] Mr. Ludwig is the Clerk of this Court; Mr. Leonard and Mr. Love are attorneys in Fort Wayne, Indiana, who represented McNair (at least at some point) in his criminal case; Ms. Nommay is an Assistant U. S. Attorney in Fort Wayne; and Mr. Cosbey is the U. S. Magistrate Judge in the Fort Wayne Division of this Court.

[5] As the court noted in footnote one above, McNair also filed a "Letter of Rogatory (adivce) to Trustees."  Docket at 180.  In this letter, McNair once again names all of the individuals he listed in his amended motion and states that "The trustees named above are hereby instructed to arraign for settlement and Closure of cause no 1:02-cr-00012 filed in the United States District Court for the Northern District of Indiana, Fort Wayne and account AUTOTRIS #554173652, CUSIP #554173652 and SS # . . . using the exemption of the Legal Estate of the decedent party/legal fiction 'TYRUS L. MCNAIR' account no. ... as principle for Settlement and Closure of this case and account as this account is pre-paid and exempt from levy.  The Trustees immediate attention to this matter is required."  *Id.*  This letter adds nothing to McNair's "motion," and this verbatim recitation of a portion of the letter is presented for purposes of further demonstrating the nonsensical and frivolous nature of the present motion.

177, p. 2.[6]

Even though the present motion fails to provide any basis whatsoever for subject matter jurisdiction, and must be dismissed for that reason, the court nevertheless has the discretion to impose a sanction on McNair for filing a blatantly frivolous pleading.  Again, this is hardly the first time the court and the government have had to expend resources to address a frivolous and meritless motion or pleading submitted by McNair.  This court has issued numerous written Orders in this case since McNair was sentenced more than four years ago.  Each time, the court has endeavored to explain clearly and carefully to McNair why his various motions have no merit or why the court was without jurisdiction to address several of them.  Still, following the issuance of each of those Orders, McNair soon filed another meritless pleading.  McNair gains nothing substantive from any of this and it is a tremendous waste of the court's and the government's resources.  McNair's pattern of continually and persistently filing meritless and frivolous motions must end.

McNair has challenged his sentence and conviction by way of direct appeal to the Seventh Circuit, attempted to do so to the U.S. Supreme Court, and by filing numerous motions in this court (and appealing at least two of them).  He has raised many issues and arguments, all

---

[6] As for the "amendment" to this pleading, which McNair filed on July 30, 2007, the main difference between that filing and the original filing is that the amended filing names, in addition to the individuals listed in the original pleading, Harley G. Lappin and Alberto R. Gonzales as additional "trustees" of the "constructive trust" McNair is apparently seeking. Amended Motion, Docket at 178, p. 1.  Mr. Lappin is the Director of the Federal Bureau of Prisons and Mr. Gonzales, of course, is the Attorney General of the United States.  The "amendment" also adds some additional language, but as the government correctly points out in its second response brief, "despite these additions . . . the document . . . is a nonsensical declaration which under the law does not create anything, nor does it declare anything cognizable in the law."  Government's Second Response, Docket at 179, p. 1.

of which have been rejected either by this court or the appellate court.  This court has issued no fewer than eight written orders ruling on various motions McNair has filed since his conviction was affirmed by the court of appeals.  Given that McNair received a sentence of imprisonment of 30 years, it is understandable that he would be motivated to utilize any means possible to continue to challenge his sentence and/or conviction.  But just because a criminal defendant receives a lengthy prison term does not entitled him to strain the resources of the federal courts with repeated meritless filings.  This court has attempted, in its many prior orders, to explain in clear terms its reasoning, as well as the legal basis, for the rejection of McNair's claims.  Obviously, this has not prevented McNair from continuing to file motions challenging, in one way or another, his sentence and conviction.  Repeated filings of this sort tax the limited resources of the federal courts, and consume valuable time which the courts could better expend by providing service to other litigants who come before them for legitimate, non-frivolous purposes.  In order to curtail repeated frivolous filings, it has become more common in recent years for both the district courts and the appellate courts to sanction certain individual litigants in an attempt to ensure and protect the fair and efficient administration of justice for those parties who are legitimately before the courts for resolution of various claims.  Such sanctions are sometimes necessary, as the Seventh Circuit explained in *United States v. Lewis*:

> From time to time, we must even resort to monetary sanctions or filing bars to restrain abusive litigants. See *Support Sys. Int'l v. Mack,* 45 F.3d 185, 186 (7th Cir.1995) (ordering the clerk of the court to return any papers the defendant attempted to file in all civil actions until he paid the sanctions entered against him for his numerous frivolous and fraudulent filings); *Alexander v. United States,* 121 F.3d 312, 315 (7th Cir.1997) (entering a modified *Mack* order to address a prisoner's repeated filing of civil actions and successive collateral attacks that automatically denied the latter type of filings on the 30th day of the month unless otherwise instructed by the court).

*Lewis*, 411 F.3d 838, 844 (7th Cir. 2005).

**While the court will not issue a monetary sanction or filing prohibition against McNair at this point in time (*only* because he has not been previously warned by this or the appellate court) the court does urge McNair to proceed with the utmost caution before choosing to file another motion, petition, or case in this court which raises any of the issues or arguments he has already raised in the many filings discussed in this order.  If McNair fails to heed this warning, the court will issue whatever sanction may be warranted in order to deter him from continuing to file frivolous and meritless motions.**

## CONCLUSION

For the reasons set forth above, the motion entitled "Alternative to the Exercise of Dejure Judicial Power: Declaration and Notice of Express Trust" (Docket at 176), as amended by the pleading entitled "Amended Alternative to the Exercise of Dejure Judicial Power: Declaration and Notice of Express Trust" (Docket at 178) filed by Tyrus McNair is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

Dated: August 29, 2007.

     /s/   William C. Lee                
                        William C. Lee, Judge
                        United States District Court
                        Northern District of Indiana