UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:02-CR-12 |
| | ) | |
| TYRUS MCNAIR | ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the "Motion for Modification of Sentence Pursuant to 3582(c)(2) and Amendment 706 (Cocaine Base–Amendment)" (hereinafter "Motion for Modification") filed by Tyrus McNair ("McNair") on January 8, 2008. Docket at 182.[1] The United States of America ("the government") filed response brief in opposition to the motion on February 8, 2008. Docket at 186. McNair then filed a reply brief on February 28, 2008.[2] Docket at 188. For the reasons discussed in this Order, the motion is DENIED.

---

[1] This court entered an Order on August 29, 2007 (see Docket at 181) denying a motion McNair had filed on July 16, 2007. In that Order, the court included an admonishment to McNair cautioning him against filing "frivolous and meritless motions." *Id*., p. 7. Over the course of the past several years, McNair filed many motions with the court that were groundless and the court felt it was necessary to warn McNair that if he continued to file such pleadings the court would consider imposing a monetary sanction and/or filing prohibition against him. *Id*. The present motion for modification of sentence, while not valid for the reasons discussed in this Order, is not, in the court's opinion, a frivolous motion nor was it filed with any intent to harass the court. The recent "crack amendment" to the Federal Sentencing Guidelines has resulted in the filing of dozens of such motions in this court by federal prisoners whose sentences were the result of drug convictions (as is McNair's). Even defendants who may not qualify for any reduction in their sentence as a result of the amendment are filing motions pursuant to 18 U.S.C. § 3582 hoping that the amendment might provide them some relief from their sentences. Many of these defendants misunderstand the amendment or why it does not afford them any relief. But that does not render their motions frivolous or vexatious.

[2] McNair filed his motion for modification of sentence *pro se*. On January 9, 2008, the court issued an Order of Referral of the case to the Federal Community Defender Program and counsel filed an appearance on behalf of McNair on January 10, 2008. Docket at 184 and 185. Therefore, the reply brief filed on behalf of McNair on February 28 was filed by counsel.

## DISCUSSION

McNair was charged by way of an indictment with conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846.  The indictment alleged that between June 1, 1996, and May 31, 2001, McNair conspired to possess with intent to distribute more than five kilograms of cocaine.  On October 30, 2002, following a two-day trial, a jury found McNair guilty as charged in the indictment.  On June 10, 2003, after briefing by McNair and the government, the court issued a sentencing memorandum in which it concluded that McNair's term of imprisonment under the United States Sentencing Guidelines was 324 to 405 months.  On July 22, 2003, the court sentenced McNair to 360 months of imprisonment to be followed by five years of supervised release.

In his present motion, McNair moves the court to modify his sentence pursuant to Amendment 706 to the U.S. Sentencing Guidelines.  Motion for Modification, p. 1.  Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which modified the Guidelines ranges applicable to crack cocaine offenses.  *See* U.S.S.G. Supp. To App'x C, Amend. 706 (Nov. 1, 2007); *United States v. Wise,* 515 F.3d 207, 221 (3d Cir. 2008).  In general, the effect of Amendment 706 is to decrease by two levels the base offense level *for crack cocaine offenses*.  *See* U.S.S.G. Supp. to App'x C, Amend. 706; U.S.S.G. § 2D1.1 (Nov. 1, 2007) (italics added).  Under U.S.S.G. § 1B1.10, titled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," a reduction in sentence under § 3582(c)(2) is not authorized unless an amendment reducing the applicable guidelines range is listed in § 1B.10(c).  *See* U.S.S.G. § 1B1.10(c) (Nov. 1, 2007).  On March 3, 2008, Amendment 706 took effect, and is now listed in § 1B.10(c).  *See* 73 Fed.Reg. 217-01

(Jan. 2, 2008). The Sentencing Commission has also given Amendment 706 retroactive effect. *See id.* The relevant portion of U.S.S.G. § 1B.1.10 states as follows:

(a) Authority–

(1) In General–In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's terms of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions–A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation–Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
. . .

(c) Covered Amendments–Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702 and 706 as amended by 711.

Amendment 706 to the Sentencing Guidelines was enacted for the purpose of equalizing sentences imposed on defendants for crimes involving "crack" cocaine with sentences imposed on defendants for crimes involving "powder" cocaine. The Sentencing Commission (as well as federal judges, prosecutors, probation officers and much of the citizenry) recognized long ago that a disparity existed in the Guideline ranges for sentences involving crack cocaine as opposed to those involving powder cocaine. This disparity, it is now widely recognized, had a disparate impact on minority defendants, especially African-American defendants, who were more likely

3

than white defendants to be convicted of crimes involving crack cocaine.  Regardless of their race, defendants sentenced for crimes involving crack received much longer terms of imprisonment than defendants sentenced for crimes involving powder cocaine, even in cases where one defendant had a relatively small amount of crack and another defendant had a relatively large amount of powder cocaine.  The amendment is intended to correct this sentencing disparity.  It was given retroactive effect in order to reduce the unequal and arguably unduly harsh prison terms imposed on the so-called "crack defendants" over the past many years.

Notwithstanding the intent and purpose of the amendment, it does not apply to all defendants serving terms in federal prison for offenses involving or including crack cocaine.  A defendant is entitled to relief pursuant to the amendment only when the sentence he or she received was calculated based on the Guidelines as they were structured before the amendment was adopted, and only when that defendant's sentence was based solely, or at least predominately, on crack cocaine offenses.  In McNair's case, the government correctly argues that "application of the retroactive amendment . . . has no impact on his sentence, which was based primarily on kilograms of cocaine, some crack and money seizures."  Government's Response, Docket at 186, p. 1.  The government provides a very detailed analysis of the calculation of McNair's sentence and a thorough discussion of why the recent amendment affords him no relief.  *Id.*, generally.  But it is not necessary to reiterate that discussion here, since McNair's appointed counsel concedes the point in his reply brief.  Defendant's Reply, Docket at 188.  McNair's counsel states, in relevant part, as follows:

> Counsel for McNair, having reviewed the Government's response, agrees that McNair was charged with and plead guilty to conspiracy to possess with intent to distribute cocaine.  Therefore, McNair was not charged with nor did McNair plead guilty to possession with intent to distribute crack cocaine.

4

> . . .
> Counsel for McNair agrees with the Government that under the methodology
> employed in the United States Sentencing Guidelines for determining base
> offense level in offenses involving cocaine base and other controlled substances
> (U.S.S.G. § 2D1.1, Application Note 10(D)) McNair's offense level remains at
> 36.
> . . .
> Therefore, the retroactive application of § 1B1.0 of the United States Sentencing
> Guidelines will not affect McNair's sentence.

Defendant's Reply, pp. 1-2.  What is confusing McNair, and so many other defendants in a similar position, is that his offense level under the Sentencing Guidelines was based in part on uncharged relevant conduct that included the possession, attempted possession, or sale of crack. *Id*., p. 1.  But, as his attorney also acknowledges, the recent amendment does not change the calculation of McNair's offense level.  *Id*., pp. 1-2.  In turn, his sentencing range is also unchanged as a result of the amendment.  McNair, therefore, is not entitled to a modification of his sentence as a result of the recent amendment to the Sentencing Guidelines.  In fact, the Sentencing Commission has expressly stated that a court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the defendant's applicable sentencing range.  *See* U.S.S.G. § 1B1.10(a)(2)(B).

In his motion, McNair makes a second argument for modification of his sentence that is unrelated to the "crack" amendment.  He argues that "the Court might have to exclude the Defendant's prior conviction (never receiving a license) a misdemeanor."  Motion for Modification, p. 4.  McNair correctly states that a State misdemeanor charge was included in his criminal history calculation.  *Id*.  The presentence investigation report prepared by the United

5

States Probation Department confirms this.[3]  McNair argues in his motion that this prior misdemeanor, since it "is now past 10-years old," should not have been included in his criminal history calculation and his sentence should be reduced as a result.  *Id.*

The government, however, points out that even if McNair did qualify for a reduction in his sentence based on the "crack" cocaine amendment, he "would not be entitled to a full resentencing" and therefore the court would have no authority (nor any jurisdiction, for that matter) to reduce his sentence on any basis other than the retroactive "crack" amendment.  Government's Response, p. 8.  The government correctly states that "when determining the amended guideline range that would have been applicable had the amendment been in place, 'the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.'" *Id.* (quoting U.S.S.G. § 1B1.10(a)(3) and (b)(1)).  Just as importantly, the government points out, "[w]hile the Sentencing Commission did provide an Amendment which had an impact on the counting of certain misdemeanor convictions under U.S.S.G. § 4A1.2, the Amendment was number 709.  This Amendment was *not* made retroactive . . . and is not listed in U.S.S.G. § 1B1.10(c).  Therefore, the amendment upon which McNair relies to seek a reduction in his criminal history category cannot be utilized by him.  Without the Sentencing Commission making this provision retroactive, this Court is without authority to reduce McNair's criminal history category." *Id.*

---

[3] Defendants' presentence investigation reports are not public record and are not filed in a criminal case.  However, the court reviewed McNair's presentence investigation report prior to issuing this Order.

McNair's attorney's response to this issue is short and somewhat cryptic. Counsel states only that "McNair reserves the right to further brief this issue at a later date[.]" and represents that the "Assistant United States Attorney . . . does not object to such later fling and further briefing of this issue by McNair." Defendant's Reply, p. 2. Thus, McNair's attorney neither concedes nor argues the issue. The government is correct when it states that McNair would not be entitled to a full resentencing even if the "crack" amendment applied to him and he qualified for some relief in the form of a modification of his sentence. The government is also correct that Amendment 709, which impacted the calculation of a defendant's criminal history category, was not given retroactive effect.[4] It is unclear, therefore, what issue McNair's attorney wishes to reserve for future briefing. Thus, for purposes of the present motion, McNair's request for a reduction of his criminal history category, and a concomitant modification of his sentence, is denied.

Given that McNair presents no argument in his brief to refute the government's position on this issue, the court declines to keep the current motion under advisement indefinitely pending the possibility that further briefing will be submitted. Should McNair and his attorney believe that there is an issue regarding the calculation of McNair's criminal history category

---

[4] A district court in Pennsylvania recently addressed this very issue when addressing a defendant's motion for reduction of sentence under 18 U.S.C. § 3582 and explained as follows: "Amendment 706 is on the retroactive list; Amendment 709 is not. Accordingly, Amendment 709 cannot be retroactively applied to reduce [a] defendant's sentence. *United States v. Thompson,* 70 F.3d 279, 280 (3d Cir. 1995); *United States v. Garza,* 2008 WL 687062 (D.Neb. 2008) ('Because Amendment 709 is not included in the list of retroactive amendments set out in U.S.S.G. § 1B1.10(c), [defendant's] sentence may not be lowered for the reasons raised in his motion.') (collecting cases); *United States v. Wilson,* 2008 WL 544973, *1 (D.Minn. 2008). ('Although Amendment 709 became effective less than three months ago, a significant number of federal courts have already held, without exception, that the Amendment is not retroactively applicable.') (collecting cases)." *U.S. v. Hughes*, 2008 WL 728364 * 2 (W.D. Pa. 2008).

7

and/or the application of any amendment to the Sentencing Guidelines to that calculation, then the issue can be presented by way of a separate motion, which the court will rule on following appropriate briefing.

## CONCLUSION

For the reasons discussed herein the motion for modification of sentence filed by the defendant, Tyrus McNair, is DENIED.

Dated: March 27, 2008.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana