UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TYRUS MCNAIR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 1:02-CR-12 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on two motions filed by Petitioner, Tyrus McNair ("McNair"). On July 30, 2008, McNair filed a Motion for Appointment of Counsel and a "Petition Pursuant to a Writ of Error for Audita Querela Pursuant to 28 U.S.C. § 1651(a)."[1] See Docket entries numbers 199 and 200. For the reasons set forth herein, the petition for writ of error is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION and the motion for appointment of counsel is DENIED.

**DISCUSSION**

McNair's most recent motion is the latest in a painfully long line of motions he has filed with this court since being sentenced on July 22, 2003, to a term of imprisonment of 30 years. Since his sentencing, McNair has filed appeals to the Seventh Circuit Court of Appeals, a petition for writ of certiorari to the United States Supreme Court, several motions with this court brought pursuant to 28 U.S.C. § 2255, and various other motions seeking relief from his sentence

---

[1] Normally the court would direct the United States Attorney's Office to file a responsive pleading to a motion filed by a criminal defendant. However, after reviewing McNair's latest motion, the court determined that no such response from the government was necessary.

under rather creative titles and legal theories.² He has been rebuffed at every stage. This court has entered numerous Orders denying McNair's many motions and has attempted in those Orders to explain as clearly as possible why they afforded McNair no relief.³ At one point recently, the court was compelled to warn McNair that if he persisted in filing groundless and meritless motions for post-conviction relief, the court might be forced to impose a monetary sanction and/or filing restriction against him to prevent such continuing behavior.⁴ Regrettably, McNair has been undeterred by the court's explanations and warnings in its previous Orders.

In his present motion, McNair invokes 28 U.S.C. § 1651(a) and bases his argument on the common law writ known as *audita querela*. The statute McNair cites is known as the All Writs Act. The statute provides an avenue by which a defendant who has a court judgment against him can seek equitable relief from that judgment under certain circumstances. 28 U.S.C. § 1651.

On the first page of his motion, McNair expressly states that "THIS IS NOT A MOTION

---

² In fact, McNair currently has an appeal pending at the Seventh Circuit. On January 8, 2008, McNair filed a "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)." See Docket at 182. In that motion, McNair was seeking to reduce his term of imprisonment based on the amendment to the United States Sentencing Guidelines, commonly referred to as the "crack cocaine amendment." This court directed the government to file a response to that motion and also appointed counsel to represent McNair on that specific issue. See Docket at 183. After briefing was completed, the court issued an Order on March 27, 2008, denying McNair's motion. Docket at 189. McNair filed a Notice of Appeal of that Order on March 28, 2007, and that appeal is pending. The issue or argument McNair raises in the present motion has nothing to do with the sentencing issue he is arguing on appeal. Also, McNair is already represented by court appointed counsel in that appeal.

³ *See, e.g.*, court's Orders at docket numbers 138, 145, 147, 149, 157, 168, 172, 175, 181, and 189.

⁴ *See* Memorandum of Opinion and Order, August 29, 2007, Docket at 181, wherein the court outlined the many previous frivolous filings McNair has made and clearly warned him that if he filed another such pleading the court would impose an appropriate sanction.

PURSUANT TO TITLE 28 U.S.C. § 2255." Motion, p. 1. However, in the body of the motion, McNair states that "[t]he basis for the Petitioner's claims are found in the [U.S.] Supreme Court's line of rulings." *Id*. He then cites the cases of *Jones v. United States*, 526 U.S. 227 (1999), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220 (2005), as the line of cases to which he refers. *Id*. McNair then goes on to argue that "[i]n this case, there can be no question but that sentencing Petitioner as if the [United States Sentencing] guidelines were mandatory, rather than advisory, was error under *Booker*." Motion, p. 8. He further writes that "[a]s the law was well settled when the Petitioner was convicted and sentenced that the guidelines were mandatory and now, while his case is before this Court on Writ of Audita Querela, the law has completely changed and represents newly existing legal defense." *Id*., p. 9. McNair states that he "respectfully moves this . . . Court for a correction of sentence . . ." pursuant to the holding in *Booker* and its progeny. *Id*., p. 23. In other words, McNair is asking the court (yet again) to vacate, reduce or modify his sentence. Despite the express protest he placed on the first page of his motion, stating that it was not a petition pursuant to 28 U.S.C. § 2255, that is precisely what the present motion is and the court interprets it as such. Since McNair has already filed a motion under § 2255 (several, in fact, as stated above), which this court denied, he cannot file a second or subsequent petition under that statute unless he first obtains permission to do so from the Seventh Circuit Court of Appeals. (McNair's original § 2255 petition appears as Docket entry 122.)

Neither the title McNair has used for his present motion nor the fact that he states on its first page that it is "not a petition pursuant to Title 28 U.S.C. § 2255," can change the true nature

3

of the motion. As the Seventh Circuit has explained, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. *See, e.g., Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, *audita querela*, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. *See Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996)." *Jackson v. United States*, 463 F.3d 635, 639 (7th Cir. 2006) (italics added). In this case, the substance of McNair's motion places it clearly within the provisions of § 2255. That statute states, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 ¶ 1. Since McNair is arguing that his current sentence was imposed in a constitutionally infirm manner, his motion is one under § 2255, notwithstanding his attempt to characterize it as something else.

At least one federal district court has addressed this precise scenario:

> Petitioner seeks a writ of *audita querela* as a remedy for this court's rendering a sentence in violation of *U.S. v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) in that the court construed the U.S. Sentencing Guidelines as mandatory. "The common law writ of *audita querela* permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.' " *U.S. v. Ayala,* 894 F.2d 425, 427 (D.C. Cir. 1990) (quoting 11 Wright, et al., *Federal Practice and Procedure* § 2867 at 235 (1973)). Although, as petitioner points out, common law writs are available in certain extraordinary circumstances, petitioner is foreclosed from presenting his claims because the Court of Appeals for the

4

> Second Circuit has held that "*Booker* is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that *Booker* issued." *Guzman v. U.S.,* 404 F.3d 139, 144 (2d Cir.2005). Thus, petitioner is not caught in a gap between remedies that may be filled by the use of a common law writ, rather, he is absolutely barred from presenting his claim because the Supreme Court's holding in *Booker* does not apply to his conviction and sentence. Put another way, *Booker* cannot be used to find petitioner's sentence illegal regardless of how he presents this claim to the court.

*Tobias v. United States*, 2006 WL 287197 (D.Conn., Feb. 7, 2006). The Seventh Circuit, while not issuing any case that deals expressly with the writ of *audita querela* in the context of a *Booker* challenge, has held that *Booker* is not retroactive. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). This holding has been reaffirmed many times, including in a recent opinion. *Perez v. United States*, 2008 WL 2622655 (7th Cir., July 3, 2008) (unpublished opinion). Accordingly, like the petitioner in *Tobias*, McNair is foreclosed from pressing for a resentencing based on *Booker*, regardless of how he presents the argument to the court.

Section 2255 does not authorize the filing of a second or successive petition under that statute unless the following criteria are met:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable.

28 U.S.C. § 2255 (italics added). McNair's present motion has not been so certified. Section 2244(b)(3)(A) "is an allocation of subject-matter jurisdiction to the court of appeals. A district

5

court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (quoting *Nuñez v. United States,* 96 F.3d 990 at 991 (7th Cir. 1996)). Accordingly, this court is without jurisdiction to address McNair's motion. The court has explained this rule of law to McNair at least three times previously, in Orders issued on October 12, 2006 (Docket at 168), February 6, 2007 (Docket at 172) and August 29, 2007 (Docket at 181). Unless McNair first receives the permission of the Seventh Circuit Court of Appeals to file a subsequent petition under 28 U.S.C. § 2255, this court is without jurisdiction to reach the merits of any of his arguments. But as stated above, McNair continues to ignore the court's repeated warnings to cease filing frivolous and groundless motions. The court can think of no way to make this point more clearly than it has been made in several previous Orders. Accordingly, **McNair is hereby notified that if he files another pleading with this court which the court deems frivolous, meritless, groundless, or filed for purposes of harassment, sanctions *will be imposed* upon him. These sanctions will include a monetary sanction and a restriction on McNair's ability to file any papers in this court. The court strongly cautions McNair to govern himself accordingly.**

In his second motion, McNair asks for counsel to be appointed for the purpose of pursuing the remedy he believes he is entitled to based on his motion for Writ of Error for Audita Querela. Since the court has determined that the motion is groundless, the appointment of counsel to pursue it is likewise without merit and is therefore denied.

## CONCLUSION

For the reasons set forth herein, the "Petition Pursuant to a Writ of Error for Audita Querela Pursuant to 28 U.S.C. § 1651(a)" filed by the Petitioner, Tyrus McNair, is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION and the Petitioner's Motion for Appointment of Counsel is DENIED.

Date: August 15, 2008.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana