UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No.: 1:02-CR-12 |
| | ) | |
| TYRUS MCNAIR | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Permission to Appeal *In Forma Pauperis* filed by the petitioner, Tyrus McNair ("McNair") on October 6, 2008. Docket at 207. For the reasons discussed below, the motion is DENIED AS MOOT. Furthermore, the court interprets McNair's filing as an implicit motion for a certificate of appealability. For the reasons discussed below, this court DENIES McNair's request and declines to issue a certificate of appealability.

**DISCUSSION**

McNair is currently serving a 30-year term of imprisonment imposed by this court following his conviction for conspiracy to possess with intent to distribute more than five kilograms of cocaine. A jury found McNair guilty of the charge on October 30, 2002. Docket at 86. He was sentenced on July 22, 2003. Docket at 114. Since his conviction and sentencing, McNair has filed numerous post-conviction motions. The most recent of those motions was McNair's "Motion for Writ of Error Audita Querela," which he filed on July 30, 2008. Docket at 200. This court issued an order on August 15, 2008, dismissing McNair's motion due to a lack of subject matter jurisdiction. Docket at 201. The court interpreted McNair's motion as a motion pursuant to 28 U.S.C. § 2255, despite the fact that on the face of the motion McNair expressly stated that it was "NOT A MOTION PURSUANT TO TITLE 28 U.S.C. § 2255."

Docket at 200, p. 1 (capitalization in original). The court's reasons for interpreting the motion as a § 2255 motion and dismissing it for lack of subject matter jurisdiction were set forth in detail in the court's order and need not be reiterated here. In any event, McNair clearly disagrees with the court's resolution of his motion for writ of error *audita querela* and filed a Notice of Appeal with the Seventh Circuit Court of Appeals. Docket at 203. The appellate court issued an order on September 19, 2008, explaining to McNair that his appeal would be dismissed unless he either paid the appellate docketing fee or filed a motion to proceed *in forma pauperis* with this court. Docket at 206. On October 6, 2008, this court received from McNair an Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis, although no separate motion was submitted. Docket at 207. The court of appeals order directed McNair to file both a motion and an accompanying affidavit so this court could determine whether he should be permitted to pursue this appeal *in forma pauperis*. Since the filing of a separate formal motion could not alter the outcome, and since McNair's request for *in forma pauperis* status is explicit in his filing, this court will address his request to proceed *in forma pauperis* in his latest appeal.

As stated, the court determined that McNair's motion for writ of audita querela was, in fact, a motion pursuant to 28 U.S.C. § 2255. Since McNair had already filed a § 2255 petition (which was denied by this court) and had not received the requisite permission of the court of appeals to file a subsequent or successive petition, this court dismissed the motion for lack of subject matter jurisdiction as required by the express language of 28 U.S.C. § 2255 and applicable case law. *See* Memorandum of Opinion and Order, docket at 201, p. 4 (citing *Jackson v. United States*, 463 F.3d 635 (7th Cir. 2006)). McNair now contends that this court "erred in its determination that the Appellant lacked subject matter jurisdiction in denying the petition for

Writ of Error for Audita Querela[.]" and that the court "abused its discretion by denying Appellant's petition." McNair Affidavit, docket at 207, p. 1.

McNair is currently incarcerated in the Federal Correctional Complex in Lompoc, California. According to his application to proceed *in forma pauperis*, he is unemployed, has had no sources of income for the past twelve months, and has no savings, real estate, or any other assets. McNair also submitted a prisoner trust account statement showing that he has maintained only a rather nominal balance in that account over the past several months. The Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1), provides that in civil cases brought by prisoners, a court shall assess and collect partial payment of filing fees on the basis of such statement. However, in *Martin v. United States*, 96 F.3d 853, 855-56 (7th Cir.1996), the Seventh Circuit determined that habeas corpus and section 2255 proceedings, though technically civil actions, are not subject to the PLRA. *See also Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000) ("We therefore hold that if a case is properly filed as an action under 28 U.S.C. §§ 2241, 2254, or 2255, it is not a "civil action" to which the PLRA applies."). Since this is a section 2255 action, *Martin* dictates that this court should not make any assessment or collect a partial prepayment as generally required by the PLRA in civil cases brought by prisoners. Indeed, under *Martin*, there is no need for a prisoner to submit a prisoner trust account statement to proceed IFP in a habeas corpus or section 2255 appeal. *See also*, *Ujdak v. United States*, 2007 WL 1121315 *3 (N.D. Ind. April 13, 2007) ("[b]ecause there is no filing fee for [defendant's] habeas petition, his request for pauper status is denied as moot."). Therefore, McNair's motion to proceed *in forma pauperis* on appeal is denied as moot.

There is another obstacle with McNair's latest attempt to appeal to the Seventh Circuit.

3

A prisoner "may only appeal [a denial of a section 2255 petition] if he obtains a certificate of appealability." *See* 28 U.S.C. § 2253; *United States v. Carraway*, 478 F.3d 845 (7th Cir. 2007). A prisoner can obtain a certificate of appealability from either the district or appellate court. *Id*. McNair has not formally requested a certificate of appealability from this court, either in his present request to proceed *in forma pauperis* or in a separate motion. However, it is common for district courts, under similar circumstances, to interpret the filing of a prisoner's request to proceed *in forma pauperis* on appeal as an implicit request for the issuance of a certificate of appealability and to proceed to rule on that request. *Carraway*, 478 F.3d at 848 (district court interpreted prisoner's motion to proceed on appeal *in forma pauperis* "as an implicit request for a certificate of appealability pursuant to section 2253(c) [and] denied that request, concluding that Carraway had not made a substantial showing of the denial of a constitutional right."); *see also, Hall v. United States*, 371 F.3d 969, 971 (7th Cir. 2004) (district court properly construed defendant's motion to proceed *in forma pauperis* on appeal from denial of his § 2255 petition as including request for certificate of appealability and denied same).

Pursuant to 28 U.S.C. § 2253, a prisoner seeking appellate review of a district court's denial of a § 2255 motion must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue either from the appellate court or the district court. *Id*. In the Seventh Circuit, a prisoner must first apply for a certificate of appealability with the district court that denied his petition and, if that court refuses to issue the certificate, the prisoner may apply for one directly from the appellate court. *Bradd v. Leinenweber*, 2008 WL 2821776 (7th Cir. July 17, 2008). Thus, it falls to this court to determine whether a certificate of appealability should issue in the present case, or at least to state how it would rule on such a request.

4

Here, given the foregoing discussion and further given the discussion in this court's August 15, 2008, Memorandum of Opinion and Order, it cannot be said that the issues presented are debatable among jurist of reasons or that the questions presented in the petition (or the present request for review) are adequate to deserve encouragement to proceed further. The issue and argument McNair raised in his motion for writ of audita querela was that his sentence was imposed at a time when the United States Sentencing Guidelines were considered mandatory. Since the United States Supreme Court held in *United States v. Booker*, 543 U.S. 220 (2005) that the Guidelines are advisory rather mandatory, McNair argues in his motion (as he had done in previous motions before this court) that his sentence was improperly (i.e., unconstitutionally) calculated and imposed. This court has explained to McNair more than once that since the Seventh Circuit (as well as other federal circuits) has determined that the *Booker* holding does *not* apply retroactively to sentences imposed before the date of its issuance, *Booker* and its progeny do not offer McNair any relief from his sentence in this case. In other words, the motion McNair filed, and which this court dismissed, does not make a substantial showing that he was denied a constitutional right when he was sentenced.

McNair's situation is virtually identical to that presented in the *Carraway* case. In *Carraway*, the defendant filed a motion for relief from his sentence pursuant to Fed.R.Civ.P 60(b). The district court concluded that the motion was, in actuality, a second or successive petition under § 2255 and therefore dismissed the motion for lack of subject matter jurisdiction since Carraway had not received permission from the appellate court to file the petition. Carraway then filed a notice of appeal. The district court, concluding that Carraway's motion to proceed *in forma pauperis* on appeal was "an implicit request for a certificate of appealability,"

refused to issue a certificate. The district court stated in an order denying the certificate that Carraway had failed to make a substantial showing of the denial of a constitutional right. The *Carraway* case is also similar to the present case in that Carraway, in that second or successive petition under § 2255, was attempting to challenge his sentence by contending that in light of *Booker*, his sentence was constitutionally defective. *Carraway*, 478 F.3d at 848-49. The Seventh Circuit agreed with the district court's conclusion as well as the district court's refusal to issue a certificate of appealability. For these reasons, the request for a certificate of appealability which this court determines is implied in McNair's request to proceed *in forma pauperis* on appeal will be denied.

## CONCLUSION

For the reasons set forth herein, the Motion to Proceed *In Forma Pauperis* filed by petitioner Tyrus NcNair is DENIED AS MOOT; the court also DENIES McNair's implicit request for the issuance of a certificate of appealability. If he wishes to proceed, McNair may renew his request for issuance of a certificate of appealability before the appellate court.

Dated: October 27, 2008.

     /s/   William C. Lee
William C. Lee, Judge
United States District Court