UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:02-CR-12 |
| | ) | |
| TYRUS MCNAIR | ) | |

## OPINION AND ORDER

Tyrus McNair ("McNair") is currently serving a 360 month sentence for conspiring to possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1). He now moves this court to reduce his sentence pursuant to Amendment 782 of the U.S. Sentencing Guidelines Manual ("USSG") and 18 U.S.C. § 3582. For the following reasons, the Motion will be GRANTED and McNair shall receive a reduced sentence of 280 months.

## DISCUSSION

Title 18 U.S.C. § 3582(c)(2) provides that:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentence range that has subsequently been lowered by the sentencing commission pursuant to 28 USC 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court, may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 of the Federal Sentencing Guidelines Manual states that '[i]n determining whether a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have originally imposed had the guidelines, as amended been in effect at that time.' In Amendment 782 to the United States

1

Sentencing Guidelines, the Sentencing Commission lowered the penalties for most drug offenses by reducing most offense levels on the § 2D1.1 Drug Quantity Table by 2 levels. In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant ' had the relevant amendment been in effect at the time of the initial sentencing. 'In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.'
> ...
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Id.* at 827.

Following the above methodology, the Government does not contest the step one analysis – i.e., the availability or eligibility of McNair for a sentencing reduction under Amendment 782. Indeed, it agrees that Amendment 782 applies to lower McNair's applicable guidelines range by two levels – reducing his total adjusted offense level from a level 40 to a level 38. What it does quarrel with is the extent of the reduction McNair should receive under step two, essentially whether the factors in §3553(a) should apply to reduce McNair's sentence further than what the Government is currently advocating.

In the original sentencing proceeding, based upon a total offense level of 40, McNair's guidelines sentencing range was 325-405 months. The Court sentenced McNair to the mid-range of those guidelines, in large part, because of the gravity of the offense, his role as an organizing player in the conspiracy as well as the large quantity of drugs trafficked as a result of McNair's efforts. Fast forward to the present state of affairs and taking into account the 2 level reduction, McNair's new guideline range using a total offense level of 38 is 262-327 months. In reliance upon the rationale for the Court's original sentence in the mid-range of the applicable guidelines, the Government urges the Court to once again impose sentence at the mid-range of the amended guidelines and impose a sentence of 295 months. McNair, however, seeks a modification to the low-end of the applicable range, 262 months, asserting that such a reduction would appropriately reflect his rehabilitative efforts while incarcerated.

Since his incarceration with the Bureau of Prisons began in 2003, McNair has completed nineteen (19) programs offered by the Bureau of Prisons including the following: Communication Skills, Basic Employment Skills, Human Anatomy, Believe it or Not, Anger Management, Drug Education, Accelerated Reader – Silver and Bronze, Living Sober, Staying Clean without Soap, Creative Card Making, Goal Setting, Doing Time Workshop, Parenting Class, Science of Stretching, 7 Habits of Highly Effective People, Victim Impact Group, Go for the Gold Lifestyle Change Workshop, and Making Healthy Choices. There is no record as to the time commitment involved to complete these programs, i.e, whether these were regular classes attended for a period of time or something less regular that involved a smaller time commitment. That said, the probation department indicates that McNair remains currently enrolled in GED classes.

At the same time he has been engaged in programs offered at the Bureau of Prisons, McNair has also had four (4) sanctioned incidents at the jail, the last of which occurred in 2009. These

incidents included: engaging in sexual acts; giving/accepting money without authorization; failing to follow safety regulations; and being in an unauthorized area. Since 2009, however, McNair has had no sanctioned incidents and, as noted above, has continued taking GED classes and taking advantage of the programs offered to him while incarcerated.

Given the dispute as to where in the amended guidelines range McNair's sentence should fall, the Court has carefully reviewed the above information as well as all of the relevant factors contained in 18 U.S.C. §3553(a) as it relates to this defendant and his case. The Court, as it did when imposing the original sentence, concludes that the nature and circumstances of the offense requires a sentence that reflects the seriousness of the offense, promotes respect for the law, protects the public and deters others from committing similar offenses. However, given McNair's demonstrated efforts toward the goal of rehabilitation, one of the stated purposes of incarceration, as well and his behavior in prison during the most current 6 years of incarceration, the Court concludes that a sentence of 280 months is a sufficient sentence that is not greater than necessary to comply with the purposes of sentencing enacted by Congress. Such a sentence strikes a balance between the Government's interest in making sure serious offenses are justly punished, while at the same time, promoting a spirit of rehabilitation by defendants convicted of serious offenses and facing long sentences of incarceration. In this case, McNair has clearly made strides toward rehabilitation which the Court desires to encourage. At the same time, the Government is correct that the offense of conviction was a massive criminal undertaking that requires a lengthy punishment. A sentence of 280 months reflects both of those positions adequately.

## CONCLUSION

Based on the foregoing, McNair's Motion to Reduce Sentence will be GRANTED and the reduced sentence WILL BE a term of imprisonment of 280 months. By way of separate entry, the

CLERK shall set this matter for a final determination of sentence consistent with this Court's practice for amending the judgment in §3582 cases.

SO ORDERED.

This 4th day of November, 2015.

s/ William Lee<br>United States District Court